[No.  2520.]

### JOHN INSALL v. THE STATE.

THEFT OF CATTLE.—INDICTMENT for theft of cattle charges that defendant " did then and there wilfully and fraudulently steal from J. M. Hawkins one animal of the cattle species, of the value of ten dollars; against the peace and dignity of the State."  *Held*, defective in substance, wherefore exceptions to it should have been sustained.  It charges no more than a conclusion of law, whereas it should charge the acts, omissions and intents which constitute the offense of theft.

---

---

APPEAL from the District Court of Kimble. Tried below before the Hon. T. M. Paschal.

The opinion sets out the indictment. The verdict assessed a term of two years in the penitentiary as punishment. The indictment was obviously drawn under the form for theft prescribed by the "Common Sense Indictment Act" of 1881, which form has been held insufficient in many preceding cases.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Defendant appeals from a conviction had upon an indictment which charges that he "did then and there wilfully and fraudulently steal from J. M. Hawkins one animal of the cattle species, of the value of ten dollars; against the peace and dignity of the State." Defendant's exceptions to the indictment, because it did not charge any offense against the laws of this State, and because it did not set forth in plain and intelligible language any acts which were in violation of the criminal law of this State, were overruled.

In this there was error, for which the judgment must be reversed. That such an indictment as this one is defective in substance, and that a conviction upon it is fundamental error, has been repeatedly decided by this court. (*Williams* v. *The State*, 12 Texas Ct. App., 395; *Hodges* v. *The State*, Id., 554; *Young* v. *The State*, Id., 614, and several other later cases.)

Because the indictment is defective in matter of substance, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 5, 1883.